Filed 6/11/26

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT


| | |
|---|---|
| THE PEOPLE, | H053063 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 179796) |
| v. | |
| JAYE RAMON SCOTT, JR. | |
| Defendant and Appellant. | |


Defendant Jaye Ramon Scott, Jr., who is currently serving a Three Strikes sentence, appeals from the trial court's order declining to conduct a full resentencing after granting his petition pursuant to Penal Code section 1170.18[1] for relief under Proposition 47, the Safe Neighborhoods and Schools Act (Proposition 47). The Attorney General concedes error. We agree, vacate the judgment, and remand for resentencing.

We further decide that, upon remand, the trial court should conduct a new public safety inquiry under section 1170.126, subdivision (f), enacted pursuant to Proposition 36, the Three Strikes Reform Act of 2012 (Proposition 36 or the Reform Act). To give effect to both Proposition 47 and Proposition 36, and analogizing to the California Supreme Court's treatment of a similar issue in *People v. Superior Court* (*Guevara*) (2025) 18 Cal.5th 838

---

[1] All further unspecified statutory references are to the Penal Code.

(*Guevara*), we conclude that Scott must satisfy the substantive requirements of section 1170.126 to be resentenced pursuant to Proposition 47 on his Three Strikes sentence.

## I. PROCEDURAL BACKGROUND[2]

On December 21, 1995, Scott was convicted by plea of involuntary manslaughter (§ 192, subd. (b); count 1) and grand theft (§§ 484, 487, subd. (c); count 2). He also admitted two prior strike convictions (§§ 667 & 1192.7) for robbery (§ 211) that qualified as two prior serious felony convictions (§ 667, former subd. (b)). In their plea agreement, the parties agreed that Scott would be sentenced to 35 years to life in state prison. On February 23, 1996, the trial court sentenced Scott to a total term of 35 years to life, which included two, consecutive five-year prison terms for his two prior serious felony convictions.[3] In 1999, the court denied a *Romero* motion filed by Scott.[4]

On January 14, 2013, Scott filed a petition for resentencing under section 1170.126 for relief pursuant to Proposition 36.[5] The People conceded that Scott's offenses rendered him eligible for resentencing but opposed the petition, arguing that the trial court should exercise its discretion to find that

---

[2] We omit the facts of Scott's offenses as they are not relevant to the issues raised in his appeal.

[3] The court reserved the issue of custody credits and awarded those on March 1, 1996. Scott's custody credits are not at issue in this appeal.

[4] Scott's motion under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 does not appear in the record on appeal.

[5] Scott's section 1170.126 petition is the subject of a prior opinion of this court. (*People v. Scott* (Nov. 10, 2015, H040176) [nonpub. opn.].) On our own motion, we take judicial notice of our prior unpublished opinion and incorporate into this opinion the relevant portions of the background set forth in it. (See Evid. Code, §§ 452, subd. (d), 459; *In re Nelson* (2020) 56 Cal.App.5th 114, 119, fn. 2.)

resentencing Scott would pose an unreasonable risk of danger to public safety (§ 1170.126, subd. (f)).  On August 12, 2013, the court denied the petition after finding that resentencing Scott would pose an unreasonable risk to public safety.  This court subsequently affirmed the trial court's order. (*People v. Scott, supra*, H040176.)

On November 3, 2022, Scott filed a petition in the superior court pursuant to section 1170.18 (petition).  That section allows certain prisoners serving a sentence for crimes reclassified as misdemeanors by Proposition 47 to petition to have their sentences recalled and to be resentenced.  (§ 1170.18, subd. (a); see generally *People v. Valencia* (2017) 3 Cal.5th 347 (*Valencia*).) Scott argued he was eligible for resentencing on count 2, his conviction for grand theft.  Scott contended that the total value of the items associated with that count (a purse and its contents) did not exceed $950 and therefore the count should be redesignated as a misdemeanor and he should be resentenced.  After a delay of several years that is unexplained in the appellate record, the trial court calendared a hearing on Scott's petition for January 17, 2025.

Prior to the hearing, the People filed an opposition.  The People contended that resentencing Scott would pose an unreasonable risk of danger to public safety under section 1170.18, subdivision (b).

In his reply, Scott asserted that the People had failed to meet their burden to prove that Scott poses an unreasonable risk to public safety, which under the Proposition 47 statutory scheme requires that the People must show it is more likely than not that Scott will commit a " 'super strike.' "[6]

---

[6] " '[S]uper strike' " is the colloquial term for the eight categories of particularly serious or violent felonies listed in section 667, subdivision (e)(2)(C)(iv).  (See *Valencia, supra*, 3 Cal.5th at p. 351.)

The reply details rehabilitative efforts Scott has undertaken in prison. Scott requested that the court redesignate count 2 as a misdemeanor.

The trial court held a hearing on the petition on January 17, 2025. The parties presented argument as to whether the People had demonstrated that, if released, Scott was likely to commit a " 'super strike.' " The court found that the People had not met their burden of proof to demonstrate Scott's ineligibility for Proposition 47 relief and granted Scott's petition to redesignate count 2 as a misdemeanor. The court continued the matter for sentencing.

Prior to sentencing, Scott requested that the trial court conduct a full resentencing under the authority of section 1170.18 and *People v. Buycks* (2018) 5 Cal.5th 857, 893 (*Buycks*). Scott argued that it made no difference that his aggregate sentence implicated both Proposition 36 and Proposition 47. Scott further contended that the court must apply "current ameliorative law," because his case is not yet final on appeal. Because Scott's conviction for involuntary manslaughter was a nonserious, nonviolent felony, Scott argued he must be sentenced to "a determinate term as a Two Striker."

Scott further asserted that he was entitled to have the trial court consider a new *Romero* motion because the full resentencing rule allows the court to revisit all prior sentencing decisions. Scott argued he is entitled to application of section 1385, subdivision (c), including its enumeration of mitigating circumstances and public safety. Scott requested that he be resentenced on count 1 to a determinate term.

The People opposed Scott's request for resentencing on count 1, arguing that a defendant seeking Proposition 47 relief after a denial of a Proposition 36 petition is not entitled to a full resentencing. The People contended Scott was not so entitled because "Proposition 36 created a very specific statutory

4

path for its retroactive application [and] that [Scott] does not qualify for as he sought that relief but was denied." The People maintained that Scott could, at most, be resentenced on count 2, "leaving his life sentence intact as Proposition 36 requires because of his unreasonable risk to public safety finding." The People also opposed Scott's *Romero* motion, asserting that he did not fall outside the spirit of the Three Strikes law.

At a hearing on January 30, 2025, the trial court considered the parties' arguments as to the scope of its sentencing authority. The court rejected Scott's contention that it had the authority to conduct a full resentencing. The court concluded it had jurisdiction only to resentence him on count 2. The court reasoned that, because counts 1 and 2 ran concurrently to one another, it was not obligated to resentence Scott on count 1. The court declined to address Scott's *Romero* motion or his other arguments addressed to his sentence on count 1.

On February 20, 2025, the trial court redesignated count 2 to misdemeanor petty theft (§ 484, subd. (a)) and imposed a sentence on count 2 of 364 days, awarded 364 days of custody credits, and deemed the sentence on count 2 served. The court also waived "fines and fees." In its oral pronouncement of sentence, the trial court did not mention count 1 or the serious felony enhancements, stating only that the sentence on count 2 "is concurrent to what he has previously been serving." Although the abstract of judgment subsequently issued by the court indicates that it imposed a sentence of 25 years to life on count 1 pursuant to the Three Strikes law and two consecutive 5-year terms on each of the prior convictions for robbery

5

(§§ 667 & 1192.7),[7] the parties appear to agree that the court did not actually resentence Scott on count 1.

Scott timely appealed the court's resentencing order.

## II. DISCUSSION

Scott contends the trial court erred in concluding it did not have jurisdiction to resentence him on count 1 and in refusing to conduct a full resentencing. Scott also asserts that the trial court erred under current law when it reimposed the two, consecutive five-year terms for the robbery convictions. The Attorney General agrees with Scott on both points.

In his reply brief, Scott for the first time requested that this court address whether the trial court should make a " 'public safety' " determination on remand. Scott argued that this court should instruct the trial court not to do so, since it has already made a public safety determination in deciding Scott's entitlement to relief under Proposition 47.

This court requested supplemental briefing from the Attorney General on whether this court should address this issue and requested supplemental briefing from both parties on the relevance, if any, of the decisions in *Guevara, supra*, 18 Cal.5th at page 878, footnote 17 and *Valencia, supra*, 3 Cal.5th 347 to the merits of that determination.

In his supplemental briefing, Scott reiterates his contention that this court should reverse the trial court's sentencing order, remand for a full resentencing, and instruct the trial court that it should not make a new public safety determination in resentencing him. Scott contends that the trial court has already conducted the public safety evaluation required by

---

[7] On our own motion, we order the record augmented with the 2025 abstract of judgment issued by the superior court. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

Proposition 47, and neither Proposition 47 nor Proposition 36 authorizes a new one. Scott distinguishes *Guevara* on the basis that the Supreme Court in that matter ruled pursuant to the principle of constitutional avoidance that the Proposition 36 public safety determination should be incorporated into the section 1172.75 inquiry, and the constitutional avoidance doctrine does not apply to any conflict between Proposition 36 and Proposition 47. Scott argues the trial court has already done the only public safety inquiry required (i.e., that of Proposition 47) and should conduct a full resentencing on remand without performing a public safety evaluation under either Proposition 47 or Proposition 36.

The Attorney General agrees that this court should reach the issue but disagrees with Scott about the appropriate analysis. The Attorney General contends that this court should direct the trial court on remand to conduct a new public safety determination under the standard set out in Proposition 36. The Attorney General argues that the principle articulated in *Guevara*—namely that the trial court should conduct a new Proposition 36 public safety determination before resentencing under section 1172.75—applies by analogy here.

The Attorney General agrees with Scott that the constitutional avoidance rationale of *Guevara* does not apply. Nevertheless, the Attorney General contends that, to avoid a conflict between the initiatives and a partial repeal of Proposition 36, Proposition 36 and 47 should be harmonized using the *Guevara* framework. The Attorney General asserts that Proposition 36's " 'discretionary public safety override' " should be incorporated into resentencing proceedings conducted following a successful Proposition 47 petition. In addition, the Attorney General maintains that the

7

trial court on remand should assess Scott's current dangerousness, rather than rely solely on its prior dangerousness finding.

A. *Standards of Review*

We generally review a trial court's sentencing decisions for abuse of discretion. (*People v. Gonzalez* (2024) 107 Cal.App.5th 312, 323.) A trial court abuses its discretion when it " ' "relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision." ' " (*Ibid.*) In matters of statutory interpretation, our review is de novo. (*Ibid.*)

B. *Analysis*

Scott asserts the trial court committed an error of law—and therefore abused its discretion—when it refused to resentence him on his count 1 conviction for involuntary manslaughter following his successful section 1170.18 petition. The Attorney General agrees, as do we.

1. <u>Full Resentencing</u>

The California Supreme Court has underscored that the " ' "full resentencing rule" ' " applies to defendants who qualify for resentencing under Proposition 47. (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424.) Under this rule, a court "in a Proposition 47 resentencing . . . must revisit its prior sentencing decisions." (*Id.* at p. 425.) That the sentence on count 1 was originally imposed to run concurrently with the sentence on count 2 does not create an exception to this rule. To the contrary, at a full resentencing, the court may "revisit sentencing choices such as a decision . . . to impose concurrent instead of consecutive sentences." (*Ibid.*)

Therefore, the trial court abused its discretion in refusing to resentence Scott on count 1. We will vacate Scott's sentence and remand for a full resentencing on counts 1 and 2.

## 2. Five-Year Enhancements

Scott also asserts that, at his forthcoming resentencing, the trial court may not reimpose the two, five-year enhancements imposed pursuant to section 667, subdivision (a)(1) (section 667(a)(1)).  The Attorney General agrees, and we accept the concession.  "The trial court has a duty never to impose an unauthorized sentence, and a corollary of this duty is to ensure that all components of that sentence are authorized by the law and the facts at the time any new sentence is imposed."  (*People v. Walker* (2021) 67 Cal.App.5th 198, 206.)

Under current law, section 667(a)(1) provides in relevant part, "A person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately.  The terms of the present offense and each enhancement shall run consecutively."  Scott has incurred two previous convictions for robbery, each of which qualifies as a " 'serious felony' " under California law.  (§ 1192.7, subd. (c)(19).)  However, involuntary manslaughter does not qualify as a serious felony.  (Cf. § 1192.7, subd. (c)(1) [defining murder and voluntary manslaughter (but not involuntary manslaughter) as a serious felony].)  Because the current version of section 667(a)(1) requires that the current conviction also be a serious felony for the enhancement to apply, and neither count 1 nor 2 so qualifies, we decide that the court at resentencing may not reimpose either of the five-year enhancements under section 667(a)(1).  Instead, it should vacate the enhancements.

### 3. Public Safety Determination

This brings us to the issue about which Scott and the Attorney General disagree—namely whether the trial court should conduct a new public safety inquiry under section 1170.126, subdivision (f), enacted as part of Proposition 36. Both parties agree that the key precedent is *Guevara, supra*, 18 Cal.5th 838.

#### a. *Guevara*

Our Supreme Court in *Guevara* examined the relationship between the resentencing procedure of Proposition 36 (codified at section 1170.126) with the resentencing procedure in section 1172.75.[8] In *Guevara*, our Supreme Court summarized the resentencing procedure of Proposition 36: "Section 1170.126, subdivision (b) provides that defendants 'may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause.' (*Id.*, subd. (b).) Upon receiving a recall petition, the statute directs courts to determine whether a petitioner is eligible for resentencing. (*Id.*, subd. (f).) The People bear the burden of establishing ineligibility beyond a reasonable doubt. [Citation.] If the defendant is eligible, he or she 'shall be resentenced . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.126, subd (f).) The People must prove the facts upon which the court's public safety determination is based by a preponderance of the evidence. [Citation.]

---

[8] Section 1172.75 provides for the recall and resentencing of defendants with certain invalid sentencing enhancements. In the section 1172.75 resentencing, trial courts are directed to "apply 'the sentencing rules of the Judicial Council and . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.' " (*Guevara, supra*, 18 Cal.5th at p. 849.)

Relevant factors for the court's public safety determination include a defendant's criminal conviction background, disciplinary history, and rehabilitative record.  (§ 1170.126, subd. (g).)" (*Guevara, supra*, 18 Cal.5th at pp. 851–852.)  "Proposition 36 [does] not define the phrase 'unreasonable risk of danger to public safety.' " (*Valencia, supra,* 3 Cal.5th at p. 350.)

Under section 1172.75, the trial court is directed to recall and resentence a defendant whose sentence includes certain now-invalid enhancements.  (*Id.*, subd. (c).)  Like Proposition 36, section 1172.75 also contains a public safety override, but it sets out a higher burden of proof for demonstrating ineligibility than that contained in Proposition 36.  Section 1172.75 provides that the resentencing, " 'shall result in a lesser sentence than the one originally imposed . . . unless the court finds *by clear and convincing evidence* that imposing a lesser sentence would endanger public safety." (*Id.*, subd. (d)(1), italics added; see also *Guevara, supra*, 18 Cal.5th at pp. 852–853.)

The question the Supreme Court faced in *Guevara* was whether individuals like Guevara who were subject to the standards of Proposition 36 were ineligible for a full resentencing under section 1172.75 if they otherwise would have so qualified, absent the restrictions of Proposition 36.  (See *Guevara, supra*, 18 Cal.5th at p. 850.)

Proposition 36 allows for legislative amendment only by a two-thirds majority of the Legislature.  (*Guevara, supra*, 18 Cal.5th at p. 856.)  As section 1172.75 was enacted by less than a two-thirds legislative majority, amendment of Proposition 36 by section 1172.75 would be unconstitutional.  (*Guevara,* at pp. 855–856.)  Because resentencing ineligibility for relief under Proposition 36 need only be established by a preponderance of evidence, while that in section 1172.75 must be found by clear and convincing evidence, the

11

Supreme Court concluded that "interpreting section 1172.75 to alter the Reform Act's substantive prerequisite to relief— a discretionary public safety determination— raises substantial constitutional questions." (*Guevara,* at p. 861.) To avoid this constitutional conflict while giving effect to both provisions, the Supreme Court interpreted section 1172.75 to incorporate section 1170.126's discretionary public safety override. (*Guevara,* at p. 862.) In other words, "Guevara must satisfy the substantive requirements of section 1170.126 in order to be resentenced" pursuant to section 1172.75. (*Id.* at p. 861.)

b. Relationship between Proposition 36 and Proposition 47

Like both section 1170.126 (the resentencing procedure created by Proposition 36) and section 1172.75, section 1170.18 (the resentencing procedure created by Proposition 47) also contains a public safety override. (§ 1170.18, subd. (b)(3).) Proposition 47 was approved by the voters two years after they approved Proposition 36. (*Valencia*, *supra*, 3 Cal.5th at p. 351.) Both Proposition 36 and Proposition 47 give courts discretion to decline to grant relief if doing so would result in an unreasonable risk of danger to public safety.

In contrast to Proposition 36, which does not define the phrase " 'unreasonable risk of danger to public safety,' " Proposition 47 defines the phrase narrowly. (*Valencia*, *supra*, 3 Cal.5th at p. 355.) Proposition 47 states: "As used throughout this Code, 'unreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent felony within the meaning of" section 667, subdivision (e)(2)(C)(iv). (§ 1170.18, subd. (c).) Section 667, subdivision (e)(2)(C)(iv) "identifies eight types of particularly serious or violent felonies, known colloquially as 'super strikes.' " (*Valencia*, at p. 351.)

12

In *Valencia*, *supra*, 3 Cal.5th 347, the California Supreme Court considered the relationship between Propositions 47 and 36. In particular, our Supreme Court addressed "whether Proposition 47's definition of 'unreasonable risk of danger to public safety' (§ 1170.18, subd. (c)) applies to resentencing proceedings under Proposition 36." (*Valencia*, at p. 351.)

The high court stated that, because both Proposition 36 and Proposition 47 use the phrase " 'unreasonable risk of danger to public safety,' " "this raises the question of whether Proposition 47 amended the resentencing criteria for eligible third strike offenders under the previously enacted measure, Proposition 36. The parties do not contest that such an amendment would be more favorable to three strike inmates and result in the release of more recidivist serious and/or violent offenders than had been originally contemplated under Proposition 36." (*Valencia*, *supra*, 3 Cal.5th at p. 356.)

In *Valencia*, the Supreme Court held that Proposition 47 did not amend the public safety override enacted by Proposition 36. (*Valencia*, *supra*, 3 Cal.5th at p. 357.) The court cited a number of reasons in support of this conclusion, including that the "primary focus" of Proposition 47 was "reducing the punishment for a specifically designated category of low-level felonies from felony to misdemeanor sentences. The measure did not purport to alter the sentences for felonies other than those that the measure reduced to misdemeanors." (*Id*. at p. 360.)

Our high court also emphasized that "[n]othing in the materials accompanying the text of Proposition 47 suggested that the initiative would alter the resentencing criteria under the previously enacted Three Strikes Reform Act." (*Valencia*, *supra*, 3 Cal.5th at p. 364.) Indeed, "[t]he materials for Proposition 47 signaled no relationship at all with that prior initiative. In fact, based on the analysis and summary they prepared, there is no indication

13

that the Legislative Analyst or the Attorney General were even aware that the measure might amend the resentencing criteria governing the Three Strikes Reform Act." (*Id*. at p. 367.) Our Supreme Court concluded that "Proposition 47's definition of 'unreasonable risk of danger to public safety' does not apply to resentencing proceedings under the Three Strikes Reform Act." (*Id*. at p. 377.)

c. Analysis

With respect to the question before us, Scott and the Attorney General draw opposition conclusions from these precedents. Scott maintains that, because Propositions 47 and 36 are both initiative statutes, the constitutional avoidance logic of *Guevara* does not apply. Therefore, the trial court on remand here need not—and, according to Scott, should not—conduct a new evaluation of whether resentencing him would pose an unreasonable danger to public safety under the standard set out in Proposition 36. Scott emphasizes that, under Proposition 47, the public safety evaluation applies only to the decision to recall the conviction, not to the subsequent resentencing. The implicit premise of Scott's argument is that the Proposition 47 public safety evaluation the trial court conducted when it granted his petition satisfies both the Proposition 36 and Proposition 47 standards.

The Attorney General, by contrast, contends that the trial court on remand should apply the Proposition 36 standard to Scott's resentencing in order to give effect to both Proposition 47 and Proposition 36.

We agree with the Attorney General. Scott's reading of the statutory scheme cannot be reconciled with the conclusion in *Valencia* that the Proposition 47 standard of " 'unreasonable danger to public safety' " did not modify the definition of that phrase as used in Proposition 36. Ignoring the

14

public safety evaluation mandated by Proposition 36 would undermine one of the key features of that initiative. The California Supreme Court rejected a similar argument made by Guevara, who asserted he was entitled to the application of the revised penalty provisions of Proposition 36 without a discretionary public safety inquiry. Our high court observed that this reading "would be in strong tension with voter intent in enacting Proposition 36" (*Guevara, supra*, 18 Cal.5th at p. 877), which emphasized the importance of the public safety override. (*Id.* at p. 863 ["There can be no question that the voters who enacted the Reform Act were focused on reforming Three Strikes sentencing without undermining public safety. . . . Proposition 36's legislative history suggests the voters understood that previously sentenced nonserious, nonviolent third strike offenders would not be entitled to resentencing on their indeterminate sentence if the trial court, in its discretion, determined that resentencing would pose an 'unreasonable risk of danger to public safety.' "].)

We agree with Scott that the principle of constitutional avoidance does not apply to the question before us. But another longstanding principle of statutory interpretation guides our analysis. "When two statutes touch upon a common subject, they are to be construed in reference to each other, so as to 'harmonize the two in such a way that no part of either becomes surplusage.' [Citations.] Two codes ' "must be read together and so construed as to give effect, when possible, to all the provisions thereof." ' " (*DeVita v. County of Napa* (1995) 9 Cal.4th 763, 778–779.)

The construction proposed by the Attorney General based on *Guevara*, in which the trial court will determine whether resentencing Scott pursuant to the revised penalty provisions in Proposition 36 would "pose an unreasonable risk of danger to public safety" (§ 1170.126, subd. (f)) as that

phrase is defined in Proposition 36, gives effect to both the standards for the public safety determination set out in Proposition 47 *and* Proposition 36. Scott's proposed reading does not. We therefore reject Scott's contention that the trial court should not on remand perform a public safety determination according to the standard set out in Proposition 36.

We further agree with the Attorney General that, on remand, the trial court should make a new public safety determination "as of the present day." (*Guevara, supra*, 18 Cal.5th at p. 878, fn. 17.) The prior dangerousness determination made in connection with Scott's prior section 1170.126 petition is "unquestionably relevant . . .. However, given significant passage of time, it is possible that a defendant who once presented a threat to public safety may no longer do so." (*Ibid.*) We leave resolution of this factual question to the sound discretion of the trial court.

   4.  Summary

For the reasons stated above, we reverse the trial court's February 20, 2025 sentencing order and remand the matter. Upon remand, the trial court shall vacate the section 667(a)(1) enhancements. The trial court is further directed to resentence Scott on counts 1 and 2 under current law after consideration of any motions brought by the parties. If, after ruling on those motions, the trial court determines that Scott is eligible under Proposition 36 for resentencing (§ 1170.126, subd. (e)), it should determine whether resentencing Scott pursuant to the revised penalty provisions of Proposition 36 would "pose an unreasonable risk of danger to public safety." (§1170.126, subds. (f)–(g).) If the trial court answers this question in the affirmative, it should reimpose an indeterminate term on count 1. If the trial court determines that resentencing Scott would not "pose an unreasonable risk of danger to public safety," Scott shall be resentenced on count 1 to a

16

determinate sentence pursuant to the revised penalty provisions of Proposition 36.  (§§ 1170.126, subds. (f)–(g), 1170.12, subd. (c)(1), (2)(C); § 1170.18.)

### III.  DISPOSITION

The trial court's February 20, 2025 sentencing order is reversed.  The matter is remanded to the trial court for resentencing consistent with the views expressed herein.

_____

Danner, Acting P. J.

WE CONCUR:



_____

Bromberg, J.




_____

Chung, J.*




**H053063**
*People v. Scott*


* Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Trial Court: County of Santa Clara

Trial Judge: Hon. Cynthia A. Sevely

Counsel: William Safford, by appointment of the Court of Appeal under the Sixth District Appellate Program, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Donna M. Provenzano, Supervising Deputy Attorney General and Amit Kurlekar, Deputy Attorney General, for Plaintiff and Respondent.

**H053063**
*People v. Scott*